UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLEARWATER COUNTY, IDAHO, et al., | Case No.: 3:13-cv-519-EJL |
| Plaintiffs, | MEMORANDUM ORDER |
| v. | |
| THE UNITED STATES FOREST SERVICE, et al., | |
| Defendants, | |
| GREAT BURN STUDY GROUP, IDAHO CONSERVATION LEAGUE, and THE WILDERNESS SOCIETY , | |
| Defendant-Intervenors. | |

## INTRODUCTION

Pending before the Court is a Motion to Intervene. (Dkt. 25.) The Motion is made pursuant to Federal Rule of Civil Procedure 24 seeking both intervention of right and permissive intervention. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM ORDER - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

This case is brought by the Plaintiffs, Clearwater County and Idaho County, seeking declaratory and injunctive relief against the named Federal Defendants under the Administrative Procedure Act, the National Environmental Policy Act, the Federal Land Policy and Management Act, the National Forest Management Act, the Wilderness Act, and the regulations and rules implementing those statutes including the Clearwater Forest Plan. (Dkt. 1.) Plaintiffs are challenging the Record of Decision (ROD) for the Clearwater National Forest's Travel Management Plan (Travel Plan) and the underlying Environmental Impact Statement (EIS). In particular, Plaintiffs dispute the United States Forest Service's approval of the closure of approximately 200 miles of previously allowed motorized trails in the Clearwater National Forest and other restrictions on open motorized use, bicycle use, and snowmobile use in the forest. (Dkt. 1.)

The proposed intervenors are Great Burn Study Group, Idaho Conservation League, and The Wilderness Society. (Dkt. 25.) Plaintiffs have not filed a response to the Motion. Defendants take no position on the Motion but ask that certain conditions be imposed if intervention is allowed in this case. (Dkt. 55.)

## DISCUSSION

Under Rule 24(a), an applicant is entitled to intervention as of right if a property interest claimed by the applicant may, as a practical matter, be impaired or impeded by the lawsuit's adjudication and the applicant's interest is inadequately represented by

existing parties. Fed. R. Civ. P. 24(a). The Ninth Circuit has articulated a four-part test to aid the court in determining when intervention of right is permitted:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Society*, 630 F.3d at 1177 (citation omitted). Rule 24(a) is construed liberally in favor of potential intervenors. *Id.* at 1179. The Court finds the proposed intervenors in this case have satisfied this test.

The Motion was filed prior to any dispositive motions and was therefore timely. (Dkt. 25.) The second element is also satisfied as the proposed intervenors have claimed a significantly protectable interest relating to the property or transaction which is the subject of the action.

"To determine whether putative intervenors demonstrate the 'significantly protectable' interest necessary for intervention of right in a NEPA case, the operative inquiry should be whether the 'interest is protectable under some law' and whether 'there is a relationship between the legally protected interest and the claims at issue.'" *Wilderness Society*, 630 F.3d at 1180 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). "A putative intervenor will generally demonstrate a sufficient interest for intervention of right in a NEPA action, as in all cases, if 'it will suffer a practical impairment of its interests as a result of the pending litigation.'" *Id*. (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441(9th Cir. 2006)).

The gravamen of this cause of action challenges whether or not the Federal Defendants complied with certain environmental statutes when issuing the EIS and Travel Plan. (Dkt. 1.) Those decisions designate the use of motorized vehicles in the Clearwater National Forest. The proposed intervenors are groups who have worked for decades to secure reasonable restrictions on motorized use in sensitive areas in the Clearwater National Forest and were involved in the decision-making process for this Travel Plan. (Dkt. 25, Attached Declarations.) The members of the proposed intervener groups are regular visitors to the Clearwater National Forest who enjoy non-motorized use activities. *Id.* If Plaintiffs prevail on their claims, the likely result would harm the proposed interveners' significantly protectable interest. *See Idaho State Snowmobile Ass'n v. United States Forest Serv.*, 3:12-cv-447-EJL, (D. Idaho Apr. 3, 2013) (Dkt. 21.) Because the proposed intervenor's interest may be practically impaired as a result of this litigation, the Court finds they have a "significantly protectable interest."

As to the third element, the Court finds the proposed intervenors are so situated that the disposition of the action may as a practical matter impair or impede their ability to protect their significantly protectable interest. Again, the proposed intervener's interests are directly contrary to those of Plaintiffs. Without intervention, the proposed interveners would be unable to protect their interests which are directly at issue in this case.

Finally, the existing parties to this action do not adequately represent the proposed interveners' interests. In determining whether an existing party adequately represents the

4

applicant intervenor's interests courts consider whether 1) a named party's interests are such that it would make the intervenor's arguments, 2) that party is capable and willing to make such arguments, and 3) the proposed intervenor would offer any necessary element to the proceedings that would be neglected by the named parties. *See County of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th Cir. 1980).

The proposed interveners' interest in this matter is the continued ability of its members to the quiet enjoyment the forest and conserving the forest's wilderness-qualities. This interest is distinct from that of both named parties in this action and will not be adequately represented by those parties. As discussed above, the Plaintiffs' interests are contrary to that of the proposed intervenors. (Dkt. 1.) The Federal Defendants' interest is more broadly focused on complying with the requirements of the applicable laws and regulations for management of the lands at issue. The proposed interveners, on the other hand, would defend the Travel Plan decision more vigorously than the Federal Defendants as they are parties with something to lose. For these reasons, the Court finds the interest of the proposed interveners is different from the named parties and is not likely to be raised or adequately protected by either party. Though they align themselves on the side of the Federal Defendants, their interests in the outcome of this action are distinct.

Based on the foregoing, the Court grants the Motion to Intervention as of right. The proposed interveners shall be included as parties in this action.[1] In the interest of

---

[1] Because the Court has granted the Amended Motion as to intervention of right, the Court will not address the alternative permissive intervention argument.

judicial economy, the Court will make the intervention subject to the conditions suggested by the Federal Defendants: 1) the interveners shall confine their arguments to the issues raised in the Complaint and avoid collateral arguments so as not to unduly multiply or delay these proceedings; 2) the Court's administrative review in this case will adhere to the Administrative Procedure Act and be limited to the administrative record in this case; and 3) the interveners are subject to the requirements agreed to in the Joint Litigation Plan. (Dkt. 55.)

## **ORDER**

THEREFORE IT IS HEREBY ORDERED that the Motion to Intervene (Dkt. 25) is **GRANTED**. Great Burn Study Group, Idaho Conservation league, and The Wilderness Society shall HEREBY be listed in this action as Intervenor-Defendants.

DATED: **April 27, 2016**

Honorable Edward J. Lodge
U. S. District Judge